# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### AT DAYTON

| | |
|---|---|
| **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor, | : |
| Plaintiff | : |
| v. | : Case No. 3:12-cv-00250-WHR |
| **GARY L. MERRITT**, individually and as fiduciary of the **BEMCORE, INC. EMPLOYEE INCENTIVE PLAN** and **BEMCORE, INC.** and the **BEMCORE, INC. EMPLOYEE INCENTIVE PLAN**, | : |
| Defendants | : |

## JUDGMENT BY DEFAULT

Defendants Gary L. Merritt, Bemcore, Inc. and the Bemcore, Inc. Employee Incentive Plan ("the Plan"), having been served with complaint, waived service of summons and having failed to plead or otherwise defend, the legal time for pleading or otherwise defending having expired, and the default of the said defendants having been duly entered according to law on December 18, 2012 upon the application of the plaintiff, judgment is hereby entered against said defendants in pursuance of the prayer of said complaint.

Wherefore, it is ORDERED, ADJUDGED AND DECREED that Gary L. Merritt and Bemcore, Inc. are removed as fiduciaries of the Plan.

It is further ORDERED, ADJUDGED AND DECREED, that LeFoldt & Co., P.A., 690 Towne Center Boulevard, Ridgeland, Mississippi 39157 be appointed as the independent fiduciary. The independent fiduciary shall administer the Plan in order to effectuate its

termination and distribute its assets to the participants and beneficiaries. The independent fiduciary shall have the following powers, duties and responsibilities:

        a.        The independent fiduciary shall have responsibility and authority for terminating the Plan. Such terminations shall be made in accordance with the Plan's governing documents, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq., and the Internal Revenue Code (IRC). While not required to obtain a determination letter to terminate the Plan under ERISA or the IRC, the independent fiduciary shall make a determination as to whether it is prudent to go through the determination letter process for the Plan;

        b.        The independent fiduciary's responsibilities with respect to the termination of the Plan shall include, but not be limited to, liquidating the Plan's assets, communicating with participants regarding the termination of the Plan and their disbursal options, calculating the participant and beneficiaries account balances, and filing appropriate termination papers with the Internal Revenue Service and the Department of Labor;

        c.        The independent fiduciary shall have responsibility and authority to collect, liquidate, and manage such assets of the Plan for the benefit of the eligible participants and beneficiaries for the Plan who are entitled to receive such assets, until such time that the assets of the Plan are distributed to the eligible participants and beneficiaries of the Plan;

        d.       The independent fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of the Plan and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled;

  e. The independent fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including that information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current plan assets;

  f. The independent fiduciary may terminate any current service providers to the Plan and retain such persons and firms including, but not limited to, accountants and attorneys, as may be reasonably required to perform his duties hereunder;

  g. The independent fiduciary shall obtain bonding in an amount that meets the requirements of ERISA 412, 29 U.S.C. 1112;

  h. The independent fiduciary's reasonable and necessary fees and administrative expenses and costs incurred in terminating the Plan shall be paid out of the assets of the Plan;

  i. The independent fiduciary shall not be responsible for bringing any action on behalf of the Plan against any prior fiduciaries or service providers of the Plan for violations of state or federal law that occurred prior to the date of the independent fiduciary's appointment. The independent fiduciary shall be responsible for pursuing any violations of ERISA that occur after its appointment as the independent fiduciary by this Court;

  j. The independent fiduciary may not be held responsible or liable for any claim against the Plan or related entities that existed, arose, matured or vested prior to his appointment as independent fiduciary for the Plan;

  k. The independent fiduciary shall not be paid more than $2,317.50.

Judgment entered 1/18, 2013.

                                  UNITED STATES DISTRICT COURT
                                  SOUTHERN DISTRICT OF OHIO

                                  By

                                  _____
                                  JUDGE WALTER HERBERT RICE
                                  UNITED STATES DISTRICT COURT JUDGE